UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE A. PINNOCK, an Individual, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAFINO DESIGNS, INC., d.b.a. STORM INTERNATIONAL FLORIST, *et al.*, <br><br> Defendants. | Civil No. 06cv1707-L(WMc) <br><br> **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' STATE LAW CLAIMS** |

This action was brought pursuant to various California and federal laws prohibiting discriminatory practices in public accommodations. Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), which Plaintiffs opposed. For the reasons which follow, the motion is **GRANTED** to the extent the court declines to exercise supplemental jurisdiction over state law claims. In all other respects, the motion is **DENIED**.

Defendants are the owners and lessors/operators of certain public accommodation premises. Plaintiffs are a disabled person and an organization which advocates on behalf of its members with disabilities. In the complaint, Plaintiffs allege one of their members was unable or had difficulty using or accessing Defendants' public accommodations due to the lack of disabled parking and related signage, safe and accessible exterior path of travel from parking to the entrance of the establishment, disability signage at the entrance, and narrow interior path of

travel. (Compl. at 8-9.) They further allege that their member intended to return to Defendants' establishment, but was deterred due to his knowledge of the access barriers. (*Id.*) Plaintiffs allege this violated Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") as well as California Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("DPA").

Defendants maintain, based on supporting declarations and photographs, that "all changes and renovations identified by Plaintiffs in the complaint (and many they did not seek) have been made." (Defs' Mem. of P. & A. at 3; *see also id.* at 7.) They argue that because they "have addressed, if not resolved, each of the concerns raised by Plaintiffs" (*id*. at 7), Plaintiffs lack standing and the action should be dismissed for lack of subject matter jurisdiction. Based thereon and other grounds, they also request the court to decline to exercise supplemental jurisdiction over state law claims and dismiss them on this ground.

Although Defendants discuss their subject matter jurisdiction issues in terms of standing, the issue is mootness. "[T]he doctrine of mootness can be described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). A plaintiff has the burden to show standing at the commencement of litigation.[1] *Id*. at 189-90. Defendants do not contend that no alleged violations existed or that Plaintiffs lacked standing when this action was filed. They maintain they cured, *i.e.*, "addressed, if not resolved" (Defs' Mem. of P. & A. at 3 at 7) any violations which allegedly existed at the commencement of this action.

> [A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. . . . [A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

*Laidlaw*, 528 U.S. at 189, 190 (internal quotation marks, citations and brackets omitted).

---

[1] A plaintiff's burden to establish standing continues throughout the case in the same way as with any other element on which he or she bears the burden of proof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)

"The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins . . . [the] mootness jurisprudence." *Id*. at 180. When "the cause . . . is not a 'case or controversy' within the meaning of that section," the court lacks subject matter jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Rule 12(b)(1) provides for dismissal if the court finds it lacks subject matter jurisdiction. The motion "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Gould Elec. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000). Defendants do not attack the sufficiency of the allegations in the complaint, but contend that the alleged disabled access violations have been remedied. Defendants' arguments are based entirely on affidavits and attached photographs. Their motion is attacking the existence of subject matter jurisdiction as a matter of factual dispute. When the court is considering a "speaking motion" such as this, it generally considers extrinsic evidence and resolves factual disputes, where necessary, to satisfy itself as to its jurisdiction. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

However, this standard does not apply where "issues of jurisdiction and substance are intertwined," *i.e.*, "where the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Id*. (internal citations and quotation marks omitted). In this case the jurisdictional issue is intertwined with the merits because Defendants assert that Plaintiffs are no longer entitled to any relief under the ADA, which provides the sole basis for federal jurisdiction. "If the jurisdictional issue and substantive issues of a cause of action are so intertwined that the question of jurisdiction is dependent on the resolution of the merits, the court must address the case in terms of its merits." *Pro Sales, Inc. v. Texaco, U.S.A.*, 792 F.2d 1394, 1397-98 (9th Cir. 1986). In cases such as this, dismissal on jurisdictional grounds is appropriate only

> where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This standard, often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute.

*Roberts*, 812 F.2d at 1177 (internal citations and quotation marks omitted). This is a "limited

threshold-level jurisdictional inquiry . . . analogous to a 12(b)(6) motion**.**" *Id*. If subject matter jurisdiction is not precluded by this inquiry, the court may assume jurisdiction and go on to determine the relevant jurisdictional facts "on either a motion going to the merits or at trial." *Id*. at 1178.

As noted, Defendants do not challenge the sufficiency of the allegations in the complaint. Upon review of the allegations, the court finds them sufficient to allege Article III standing as specified in *Lujan*, 504 U.S. at 560-61 and *Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1137-38 (9th Cir. 2002), as well as a cause of action under the ADA with respect to each Plaintiff. The court therefore has subject matter jurisdiction to determine the merits of the federal claim. Since Defendants have not filed a summary judgment motion to address the merits, their Rule 12(b)(1) motion, which challenges the court's subject matter jurisdiction based on mootness, is denied without prejudice to filing, after an adequate opportunity for discovery, a properly noticed summary judgment motion addressing the merits of Plaintiffs' case.

In addition to mootness, Defendants' motion challenges the court's supplemental jurisdiction over pendent state law claims. A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . .." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Defendants do not contend that the state law claims do not share a common nucleus of operative fact with the ADA claim. The underlying factual allegations are the same for all of Plaintiffs' claims. Furthermore, the Unruh Act and the DPA are alternative means under California law to enforce the architectural regulations or design standards implemented by the ADA. *See* Cal. Civ. Code §§ 51(f) (Unruh Act) & 54(c) (DPA). Therefore, Plaintiffs' state law claims are so related to the ADA claim that they form part of the same case or controversy, and the court can properly exercise supplemental jurisdiction under section 1367(a).

Once the court acquires supplemental jurisdiction over state law claims, section 1367(c)

provides the only valid basis upon which it may decline to exercise it. *Executive Software N. Am., Inc. v. Jensen*, 24 F.3d 1545, 1551 (9th Cir. 1994). Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendants move the court to decline supplemental jurisdiction claiming that the state law claims substantially predominate over the ADA claim. Plaintiffs argue the court should exercise supplemental jurisdiction because the state and ADA claims are essentially identical. (Pls' Mem. of P. & A. at 23.)

"[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. *United Mine Workers v. Gibbs*,[2] 383 U.S. 715, 726 (1966). Plaintiffs correctly assert that the state law claims are almost identical to the ADA claims to the extent that liability under the Unruh Act and the DPA may be predicated on an ADA violation. *See supra.* However, the only remedy available under the ADA is injunctive relief. *See* 42 U.S.C. § 12188(a)(1); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). In addition to injunctive relief, the Unruh Act and the DPA also provide for damages. California Civil Code Section 52(a), which provides for enforcement of the Unruh Act, allows for damages no less than $4,000 "for each and every offense." Under the DPA, California Civil Code Section 54.3(a) provides for damages no less than $1,000 "for each offense." Plaintiffs seek $4,000 in damages for each and every offense under the Unruh Act. (Compl. at 20.) They allege at least four distinct offenses. (*Id*. at 8-9.) If they prove all of them, they may be entitled to $16,000 in damages under the Unruh Act, as opposed to relief limited in injunctive relief under the ADA. Given the disparity in terms of comprehensiveness of the

---

[2]   Although *Gibbs* predates section 1367(c), it informs the exercise of the court's jurisdiction thereunder. *See Acri v. Varian Assocs, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

remedy sought, state law claims substantially predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2). *See Singletary v. The Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130-31 (S.D. Cal. 2005).

Plaintiffs rely on *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003), to argue that the available damages under state law do not predominate. (Pls' Mem. of P. & A. at 23.) *Molski* is not persuasive, however, because it did not address the issue for purposes of supplemental jurisdiction under 28 U.S.C. § 1367, but for purposes of class action certification under Rule 23.

In the alternative, the court finds that due to recent developments in California law, Plaintiffs' state law claims raise a novel or complex issue of state law.[3] In *Harris v. Capital Growth Investors*, the California Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations . . .." 52 Cal.3d 1142, 1172-73 (1991). Shortly thereafter, in 1992, the California Legislature amended California Civil Code Section 51 and added a provision that a defendant violates the Unruh Act whenever it violates the ADA. Cal. Civ. Code § 51(f). A meritorious ADA claim does not require proof of intent. *See* 42 U.S.C. § 12182(b)(2)(A)(iv); *Lentini v. Cal. Center for the Arts*, 370 F.3d 837, 846-47 (9th Cir.2004). The Unruh Act amendment raised the question whether section 52 damages provision, as read in conjunction with section 51(f), required proof of intent. In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act amendments superseded *Harris*, and held that where a defendant violates the ADA, damages can be awarded under the Unruh Act regardless of intent to discriminate. *Lentini*, 370 F.3d at 846-47. In 2006, the California Court of Appeal issued *Gunther v. Lin*, wherein it reasoned that *Harris* was still viable, rejected *Lentini* as an improper interpretation of California law, and held that section 52 damages required proof of intentional discrimination. 144 Cal. App. 4th 223, 252-57 (2006).

*Gunther* appears to contradict the express language of section 51(f) which provides that

---

[3] Although this issue was not briefed by the parties in this case, it was briefed by the same counsel in a very similar disabled access case. (See Case No. 06cv1871-L(JMA), Order (1) Granting in Part and Den. in Part Defs' Mot. to Dismiss; and (2) Dismissing Without Prejudice Pls' State Law Claims, filed Aug. 27, 2007 and related briefing.)

"violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." On the other hand, its reasoning is based in part on distinguishing between two damages provisions for disabled access violations, is not unsound. *See* 144 Cal. App. 4th at 231-32. Under the Unruh Act, section 52(a) allows for damages no less than $4,000, while under the DPA, section 54.3(a) provides for damages no less than $1,000. To avoid double recovery, "[a] person may not be held liable for damages pursuant to both [section 54.3] and section 52 for the same act or failure to act." Cal. Civ. Code § 54.3(c). *Gunther* reasoned that the intent element was required to distinguish section 52 from section 54.3, avoid making either section redundant of the other, and justify a higher award under section 52. *See* 144 Cal. App. 4th at 231-32, 239-40, 242, 250. This court is therefore faced with a conflict in state law, which raises novel or complex state law issues for purposes of 28 U.S.C. § 1367(c)(1).[4]

The discretion to decline supplemental jurisdiction is "triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories." *Executive Software*, 24 F.3d at 1557. The predominance of the state law claims and the conflict in pertinent state law are such factual predicates. "Once that factual predicate is identified, the exercise of discretion . . . still is informed by whether [dismissing] the pendent state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity." *Id.* (internal quotation marks and citations omitted). Although it would undoubtedly be more convenient to have this suit adjudicated in one action, the novelty and complexity of state law issues weighs in favor of dismissing them to allow California state courts to resolve the issue. "Needless decisions of state law should be avoided as a matter of comity." *Gibbs*, 383 U.S. at 726. Furthermore, given the greater comprehensiveness of state law remedies, fairness dictates that the claims are more appropriately adjudicated in state court. The court therefore declines to exercise supplemental jurisdiction

---

[4] The court does not believe certifying this issue to the California Supreme Court would be helpful in light of that court's denial of review and request for depublication of *Gunther*. *Gunther v. Lin*, 2007 Cal. LEXIS 350 (Cal. Jan. 17, 2007).

over Plaintiffs' state law claims.  *See Wilson v. PFS, LLC*, 493 F. Supp. 2d 1122, 1125-26 (S.D. Cal. 2007); *Cross v. Pac. Coast Plaza Invs, L.P.*, No. 06cv2543-JM (RBB), 2007 WL 951772 *6 (S.D. Cal. Mar. 6, 2007); *see also Brick Oven*, 406 F. Supp. 2d at 1130.

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** with respect to federal supplemental jurisdiction over state law claims, and **DENIED** in all other respects. Plaintiffs' claims pursuant to California Unruh Civil Rights Act and Disabled Persons Act are hereby **DISMISSED WITHOUT PREJUDICE** to asserting them in state court.

**IT IS SO ORDERED**.

DATED: August 28, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL